# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MELISSA PRICE,

    Plaintiff,

v.

BLOOMFIELD ORCHARD
ACQUISITION COMPANY, INC. d/b/a
BLOOMFIELD ORCHARD VILLA and
CIENA HEALTHCARE
MANAGEMENT, INC.,

    Defendants.

Case No. 2:21-cv-12493

Hon. Terrence G. Berg
Mag. Jonathan J.C. Grey

| | |
|---|---|
| Sarah S. Prescott (P70510) | Clifford Hammond (P62164) |
| Nakisha N. Chaney (P65066) | Foster Swift Collins & Smith PC |
| Salvatore Prescott Porter & Porter, PLLC | *Counsel for Defendants* |
| *Counsel for Plaintiff* | 28411 Northwestern Hwy, Suite 500 |
| 105 E. Main Street | Southfield, MI 48034 |
| Northville, MI 48167 | (248) 538-6324 |
| (248) 679-8711 | chammond@fosterswift.com |
| prescott@spplaw.com | |
| chaney@spplaw.com | |

## PROTECTIVE ORDER

Pursuant to the Court's authority, and by stipulation of the parties,

**IT IS HEREBY ORDERED** upon review of the attached Stipulation and the subject Protective Order, and the Court being fully advised in the premises, that:

1. **Definitions of Plaintiff and Defendant.**

    a. "Plaintiff" includes MELISSA PRICE.

    b. "Defendant" includes Bloomfield Orchard Acquisition Company, Inc. d/b/a Bloomfield Orchard Villa and CIENA Healthcare Management, Inc.

2. **Scope of Protective Order.** All "Confidential Material" (as defined below in Paragraph 3) produced in this action will be used solely for the purposes of this action. In addition, all documents and information designated Confidential Material shall be used only as provided in this Order.

3. **Scope of Confidential Material.** Except as otherwise provided by subsequent court order, "Confidential Material" means only those materials stamped or separately segregated and marked "Confidential – Subject to Protective Order." A party who determines in good faith that an item contains the following may label it as such: All protected health information under HIPAA, personnel records, documents containing: personal, medical or psychiatric information, trade secrets, sensitive and private commercial, billing, business and proprietary records.

    If a receiving party objects to a designation of "Confidential Material," it may place the producing party on notice of the objection and reasons for the objection. The producing party shall have thirty (30) days to file a motion to retain the designation. Otherwise, it shall be deemed waived.

A party who has disclosed material to another party that it determines in good faith should have been designated as Confidential Material under this Order but which the party inadvertently failed to label with the appropriate marking/designation, may provide notice of said failure to the receiving party within two weeks of production, by supplying copies marked appropriately.  Upon receipt of such notice, the receiving party will (a) immediately treat the material as if it had been so designated (b) shred or return the original/mis-designated versions within five (5) working days of receiving replacement copies.

Confidential Material does not include any material which (i) is disclosed to a party from a source other than the other party to this suit, provided such source is not to the recipient's knowledge prohibited from disclosing such information by a legal or contractual obligation, or by HIPAA, or (ii) is or becomes publicly available through no breach by a party of its obligations hereunder.  Information shall be deemed "publicly available" if it is or becomes a matter of public knowledge or is contained in materials available to the public.

4. **Authorized Persons.**  Access to Confidential Material is restricted to the following authorized persons:

    a. attorneys of record in this action and employees of such attorneys to whom it is necessary that the material be shown for purposes of this action;

3

b. Defendant and Plaintiff's officers, directors, employees and/or representatives, involved in this action;

c. the Court and its employees;

d. court reporters transcribing testimony taken in this action and notarizing officers;

e. witnesses and deponents, provided that any witness or deponent, who is not a party to this action or who is not an officer, director, employee and/or representative of Plaintiff, first is provided this Order, and subject to Para. 5;

f. consultants and experts employed by the parties, provided that such consultant or expert first signs the Confidentiality Agreement and that any report or other document prepared by the consultant or expert that reproduces, paraphrases, summarizes or otherwise includes Confidential Material is designated as containing Confidential Material.

5. **Depositions.** In the event that any questions asked at a deposition call for or require the disclosure of Confidential Material, the portion of the deposition transcript relating to such question will be treated as Confidential Material, upon request of a party. If so requested, the reporter shall identify and separately bind that portion of the transcript and any related exhibits being treated as Confidential

Material and mark them as confidential. Further, any other media containing these portions of the deposition, including, but not limited to, all video or audio recordings, shall likewise be clearly labeled by the reporter.

6. **Procedure for Filing Confidential Material.** If a party wishes to file Confidential Material on the docket, it shall notify the producing party in writing of the intention to do so, itemizing the materials to be filed. The party shall not file the identified materials for seven (7) days, during which time the producing party may file a motion to have the identified information filed under seal. Nothing in this Order alters or affects the burden of proof required to obtain a sealing Order. If the producing party does not file the motion to seal within seven (7) days after receiving written notice, the party wishing to file the item(s) may do so. If the producing party files the motion to seal, the materials at issue shall not be publicly filed until the Court rules on the motion to seal.

7. **Authorized Person Acknowledgement.** Before disclosing Confidential Material to a witness or deponent who is not a party to this action or who is not an officer, director, employee and/or representative of Plaintiff, or to an expert or consultant, counsel for the party making such a disclosure shall provide such person with a copy of this Order and (to the extent set forth above) require such person to sign the Confidentiality Agreement.

8. **Protection of Confidential Materials.** Confidential Material shall be copied or reproduced only to the extent necessary for this action. Confidential Material shall be kept at the offices of outside counsel or persons of the kind described in paragraph 4 or in the personal custody and control of such persons.

9. **No Waiver or Admission.** Disclosure of Confidential Material is not a waiver of any right of the producing party to object to the admissibility of the Confidential Material. Consent to this Order shall not be construed as or operate as an admission or agreement as to whether any particular Confidential Material disclosed by a party is indeed truly confidential/proprietary information or material nor shall it prevent any party from challenging the propriety of the designation or seeking modification of this Order.

10. **Conclusion of Action or Dismissal of Party.** Upon the final conclusion of this action as to a party, such party shall, within 30 days of a written request to do so, either return Confidential Material (and all copies thereof) to Plaintiff or certify that such Confidential Material (and all copies thereof) has been destroyed. The foregoing obligation shall not require a party or its attorneys to return or destroy work product or otherwise privileged materials that contain Confidential Material, subject to the continuing obligation to treat such materials as confidential in accordance with this Order. Counsel may secure and maintain one complete,

confidential copy of Confidential Materials solely for purposes of malpractice defense.

11. **Duration and Jurisdiction.** The confidentiality obligations imposed by this Order shall remain in effect and this Court shall retain jurisdiction to enforce the terms of this Order after the closure of the case.

Dated: March 15, 2022　　　　　　　　　　/s/Terrence G. Berg_____
　　　　　　　　　　　　　　　　　　　　　Honorable Terrence G. Berg

I approve as to form and content of this Stipulated Protective Order:

/s/ Sarah S. Prescott_____
Sarah S. Prescott (P70510)
Nakisha N. Chaney (P65066)
Salvatore Prescott Porter & Porter, PLLC
*Counsel for Plaintiff*
105 E. Main Street
Northville, MI 48167
(248) 679-8711
prescott@spplaw.com
chaney@spplaw.com

Dated: March 5, 2022

/s/ Clifford Hammond (w/ authorization)
Clifford Hammond (P62164)
Foster Swift Collins & Smith PC
*Counsel for Defendants*
28411 Northwestern Hwy, Suite 500
Southfield, MI 48034
(248) 538-6324
chammond@fosterswift.com

Dated: March 5, 2022